# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIEL C.F., | Case No. 26-CV-1878 (NEB/ECW) |
| Petitioner, | |
| v. | ORDER ON<br>PETITION FOR<br>WRIT OF HABEAS CORPUS |
| PAMELA JO BONDI, in her official capacity as Attorney General of the United States; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; and ERIC TOLLEFSON, in his official capacity as Sheriff of Kandiyohi County, | |
| Respondents. | |

This matter is before the Court on Petitioner Daniel C.F.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Daniel C.F. is a citizen of El Salvador who has lived in the United States since about March 14, 2024. (*Id.* ¶¶ 3, 42.) He works in construction and does not have a criminal record. (*Id.* ¶¶ 43, 54.)

On January 12, 2026, when Daniel C.F. was on his way to work, Immigration and Customs Enforcement ("ICE") took Daniel C.F. into custody—without a warrant. (*Id.*

¶¶ 4, 44–45.) ICE took his cell phone and wallet, which contained his Minnesota state identification card and $1,400 in cash. (*Id.* ¶ 44.) Afterwards, Daniel C.F. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Daniel C.F. is one of hundreds of petitioners in the District who have challenged their custody. Like those petitioners, Daniel C.F. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country two years ago, Daniel C.F. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment, the INA, and the Fourth Amendment.

The Court has already concluded that petitioners similarly situated to Daniel C.F. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Daniel C.F. while he was entering the United States. Instead, he was detained while "already in the country."

2

*See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter came to the same conclusion as *R.E. See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), --- F. Supp. 3d ---, 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Daniel C.F.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint and refers the Court to Respondents' arguments in *Avila v. Bondi*, No. 25-3248

3

(8th Cir. Docketed Nov. 10, 2025). (ECF No. 9.) The Court recognizes, but is not persuaded by, the minority viewpoint; it has already considered and rejected that viewpoint.[1]

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Daniel C.F. requests immediate release. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4[2]; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Daniel C.F. asserts that his arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Daniel C.F.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support Daniel C.F.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Daniel C.F.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025),

---

[1] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

[2] All page citations to the record or other dockets reference ECF pagination.

4

ECF No. 9 at 6; *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Daniel C.F.[3]

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

      a.      DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

      b.      ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel (Mark Thieroff: 612-337-6100; markthieroff@siegelbrill.com), but **not later than 24 hours** after entry of this Order;

      c.      ORDERS that Respondents release Petitioner in Minnesota with all Petitioner's personal effects, including all personal property seized

---

[3] Daniel C.F. may move separately for attorneys' fees and costs under the Equal Access to Justice Act within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

during Petitioner's arrest such as, but not limited to, his cell phone, wallet, identification card, and cash;

d.     ORDERS that, within **four days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

e.     ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 19, 2026                            BY THE COURT:
Time: 10:05 a.m.                                 s/Nancy E. Brasel
                                                 Nancy E. Brasel
                                                 United States District Judge